IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

UNITED STATES OF AMERICA,

       Respondent,

V.                                          CRIMINAL NO. 3:98-00152-05
                                           (CIVIL ACTION NO. 3:06-0051)

GARY D. BOLLIN,

       Movant.

## FINDINGS AND RECOMMENDATION

On November 19, 1999, movant, Gary D. Bollin, along with co-defendants, was convicted by a jury on multiple counts of an indictment in which he was charged with conspiracy, money laundering, wire fraud and sale of securities by an unregistered broker. On April 20, 2000, he was sentenced to 108 months imprisonment and three years supervised release and ordered to make restitution in the amount of $783,535.00. His conviction and sentence were affirmed on appeal, United States v. Bollin, 264 F.3d 391 (4th Cir. 2001), and he did not seek further review in the Supreme Court. Subsequently, on February 3, 2006,[1] Bollin filed a motion under the provisions of 28 U.S.C. §2255 in which he asserts ineffective assistance of counsel, notes the decision of the Court in United States v. Booker, 543 U.S. 220 (2005) and advises the Court with respect to his conduct while incarcerated. Inasmuch as "it plainly appears from the face of the motion ... and the

---

[1] The Court's decision in Houston v. Lack, 487 U.S. 266, 276 (1988) would have no effect on the outcome of this case.

prior proceedings in the case that the movant is not entitled to relief,"[2] dismissal without requiring a response from the United States is appropriate in this case.

Section 2255 motions are subject to a one-year statute of limitations which generally begins to run on the date "a judgment of conviction becomes final." In this case, movant's conviction became final in 2001.[3] While §2255 does provide for restarting the limitation period when the Supreme Court has announced a new rule that is "made retroactively applicable to cases on collateral review,"[4] in its decision in Booker, the Court expressly applied its holding only to cases on direct appeal, and the Court of Appeals for the Fourth Circuit has concluded that "Booker does not apply retroactively to cases on collateral review." United States v. Morris, 429 F.3d 65, 66 (4th Cir. 2005). In light of the fact that Booker is not applicable in this collateral proceeding, there is no basis for concluding that the one-year period of limitation began to run any later than September 5, 2001, the date on which movant's conviction became final. Bollin's motion is, as a consequence, barred by section 2255's statute of limitations.

---

[2] Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. In this case, it is indisputablly clear ... that the petition is untimely and cannot be salvaged... ." Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

[3] See, Clay v. United States, 537 U.S. 522 (2003).

[4] Clearly, none of the other triggering events – an "impediment ... created by governmental action" or newly discovered facts – are present in this case. Nor is there any basis for applying the doctrine of equitable tolling. See, Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

**RECOMMENDATION**

It being apparent that the motion filed by Bollin is untimely by reason of the applicable statute of limitation, it is **RESPECTFULLY RECOMMENDED** that the relief sought in this §2255 proceeding be denied.

Movant and respondent are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 8(b), Rules Governing §2255 Cases, the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the specific portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to mail a copy of the same to movant and all counsel of record.

DATED: May 2, 2006

*/s/ Maurice S. Taylor, Jr.*
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE